IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| Robert L. Hillman, | : | |
| --- | --- | --- |
| Plaintiff | : | Civil Action 2:09-cv-00810 |
| v. | : | Judge Marbley |
| Brian Simms, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

# ORDER

Plaintiff Robert L. Hillman, a State prisoner, brings this action under 42 U.S.C. §1983 challenging the constitutionality of his criminal conviction for burglary in violation of Ohio Revised Code § 2911.12(A)(2). This matter is before the Court on plaintiff's September 28, 2009 objections (doc. 8) to Magistrate Judge Abel's September 21, 2009 Report and Recommendation (doc. 5) that the complaint be dismissed as barred by *res judicata* and because it fails to state a claim for relief because it attacks a criminal conviction that has not been set aside.

As the Magistrate Judge found, Hillman filed a similar complaint against Assistant Franklin County Prosecutors Brian Simms and Jennifer Maloon. *Robert L. Hillman v. Brian Simms, et al.*, 2:08-cv-717 (S.D. Ohio filed July 23, 2008). Judgment was entered March 11, 2009 dismissing that complaint for failure to state a claim, and plaintiff filed an appeal. Thus, as the Report and Recommendation held, the claims against Simms and Maloon which were raised or could have been raised in that action,

the judgment entered there is *res judicata*. *Rivers v. Barberton Board of Education,* 143 F.3d 1029, 1032 (6th Cir. 1998); *J.Z.G. Resources, Inc. v. Shelby Insurance Company,* 84 F.3d 211, 214 (6th Cir. 1996); *Osborn v. Ashland County Board of Education,* 979 F.2d 1131, 1133-34 (6th Cir. 1992).

Further, as the Magistrate Judge stated, a § 1983 action that "necessarily impl[ies] the invalidity of" plaintiff's conviction or sentence cannot be brought "unless ... the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477 (1994). *See also, Schilling v. White,* 58 F.3d 1081, 1085-86 (6th Cir. 1995). Since any judgment for Hillman on the complaint would necessarily undermine his criminal conviction, it fails to state a claim for relief under 42 U.S.C. § 1983.

Upon *de novo* review as required by 28 U.S.C. § 636(b)(1)(B), plaintiff Hillman's September 28, 2009 objections (doc. 8) to Magistrate Judge Abel's September 21, 2009 Report and Recommendation are OVERRULED. The Clerk of Court is DIRECTED to enter JUDGMENT for defendants.

                                               s/Algenon L. Marbley
                                         Algenon L. Marbley, Judge
                                         United States District Court